IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES J. ALEXANDER,

        Plaintiff,                Civil Action No. 3:10-CV-764

        v.                           (JUDGE MARIANI)

DELAWARE AND HUDSON RAILWAY
COMPANY, INC. d/b/a CPRAIL,

                                  **ELECTRONICALLY FILED**

        Defendant.

## DEFENDANT'S TRIAL BRIEF

AND NOW, comes the Defendant, Delaware and Hudson Railway Company, Inc., d/b/a Canadian Pacific Railway, by and through its counsel, and pursuant to LR 39.7, files the within Trial Brief, as follows:

## PROCEDURAL HISTORY

Plaintiff initiated this action pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60, claiming that he suffered hearing loss due to the negligence of his employer, the Delaware and Hudson Railway Company, Inc. Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint denying any and all liability. Trial is scheduled to being on Monday, December 16, 2013 at 9:30 a.m. in Scranton, Pennsylvania.

## SUCCINCT STATEMENT OF EVIDENCE TO BE PRESENTED

Plaintiff worked for Delaware and Hudson Railway Company, Inc. ("D&H") from 1998 to 2009. He hired as a Conductor and worked for only a couple of months at this job, then transferred to an office job as Yardmaster for several years, and then became a Terminal Yard Coordinator for several months, and then returned to working as a

Yardmaster until 2007. At that time, he went back to the job as a Conductor on over-the-road or through-freight runs until June 2, 2009.

In or about June of 2009, after several audiograms in the previous months showed deterioration of his hearing loss, D&H was concerned about his ability to continue his job without hearing protection/amplification devices. As such, he was given a trial of Bilsom muffs which amplify speech and tend to filter out higher frequency unwanted noise. Plaintiff testified by deposition that he tried these muffs, but they did not work for him. Accordingly, D&H then purchased for Mr. Alexander Peltor hearing protection/amplification device which allowed Plaintiff to connect his amplification muffs directly into his microphone on his radio which was used to communicate with his engineer.

On or about July 17, 2009, in a field test using the Peltor devices, Plaintiff was able to hear the radio, but stated he was not able to hear a supervisor ten feet away from him who was communicating without a radio as they were between two loud running engines. As such, Mr. Alexander was taken out of service. He was promptly advised by the D&H Medical Department that if he would purchase a digital hearing aid that he would be eligible to return to work. Plaintiff testified by deposition that the only effort he made to obtain the digital hearing aid, enabling him to return to work, was to search on the computer for a "FRA approved" hearing aid for about an hour. Since he stated he was unable to find this, he discontinued his search and did nothing further whatsoever to return to work. He never contacted the Medical Department or any other department in order to attempt to purchase a hearing aid and return to work. Plaintiff's job as a

Conductor with D&H has been and still is available to him. He remains an active employee with enough seniority to hold a job as a Conductor even as of now.

Plaintiff claims that his hearing loss was caused by two years working on loud engines with the D&H from 2007 to 2009. The evidence will show that the Plaintiff's hearing loss is not related to his employment with D&H but to other causes, including rifle shooting with the National Guard between 1970 and 1975 (conceded by Plaintiff's medical expert Dr. Shapiro), and also evidenced by a Release signed by the Plaintiff in 1991 for hearing loss related to his employment with Lehigh Valley and Conrail from 1968 to 1983. Other causes of his hearing loss are coronary artery disease, atherosclerotic vascular disease, hypertension, diabetes, tobacco abuse of over 30 plus years, and aging. Further, the evidence will show that Plaintiff's audiogram pattern is not at all consistent with noise as a cause except for the rifle shooting.

In addition to receiving money for settlement in 1991 from Conrail for hearing loss, the D&H sent two letters to Mr. Alexander in 2002 and 2003 advising that he did have a hearing loss and that he should see a private physician, that it could be related to medical conditions, noise at work or noise outside of work. Plaintiff did not remember going to a doctor at that time, but does acknowledge receiving the two letters. This evidence shows that Plaintiff knew of his hearing loss as early as 1990 and that it either was or could be related to his employment on these two railroads.

Defendant's evidence also will show that it had a hearing conservation program which included the wearing of hearing protection for train and engine service employees and periodic audiograms and follow-up with significant changes in hearing, where applicable. Plaintiff has testified in his deposition that he wore the hearing protection

while working as a Conductor for the D&H for the entire period of 2007 until his last employment in June of 2009 and that it was effective.

## ANTICIPATED LEGAL ISSUES

### 1. The Plaintiff has failed to make out a prima facie case of negligence

By its hearing conservation program, Defendant as a matter of law provided Plaintiff with a reasonably safe place to work and therefore did not breach its duty of care.

A plaintiff in an FELA case is required to prove the traditional common law elements of negligence; i.e., duty, breach, foreseeability, and causation. Robert v. Consolidated Rail Corporation, 832 F.2d 3, 6 (1st Cir. 1987). See also, Moody v. Boston & Maine Corporation, 921 F.2d 1, 3 (1st Cir. 1990). The law only requires the railroad to exercise ordinary care in furnishing its employees with a reasonably safe place to work. Emig v. Erie Lackawanna Ry., 350 F. Supp. 986, 988 (W.D. Pa. 1972), *aff'd*, 485 F.2d 679 (3rd Cir. 1973)

Under the FELA, railroad employers are liable for injuries to their employees "resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier. 45 U.S.C. § 51. The FELA, however, "does not make the employer the insurer of the safety of its employees while they are on duty." Ellis v. Union Pacific Railroad, 329 U.S. 649, 653 (1947). The FELA "is neither a worker's compensation statute nor a strict liability statute… ." Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1283 (3d Cir. 1995). Instead, the basis of the employer's liability is its negligence, "not the fact that injuries occur." Ellis, 329 U.S. at 543. In addition, the negligence must be "in whole or in part" the cause of the injury. Id.

**2. The Statute of Limitations bars Plaintiff's claim**

Plaintiff filed his Complaint on April 12, 2010. Defendant has raised the statute of limitations as a defense to this action based on the fact that Plaintiff knew he had a hearing loss back in 1990, 2002 and 2003. The FELA employs a three year statute of limitations from the day the cause of action accrued. 45 U.S.C. §56. The cause of action accrues "when the employee becomes aware of his disease and its cause." Kichline v. Consolidated Rail Corp., 800 F.2d 356, 358 (3d Cir. 1986) (citations omitted). Thus, the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress. Kichline, 800 F.2d at 359 (citations omitted).

**3. Plaintiff has failed to mitigate his damages as required by law**

Plaintiff's job as a Conductor has been and still is available to him. He remains an active employee with enough seniority to hold a job as a Conductor at present. Plaintiff has failed to mitigate his damages by using reasonable efforts to secure gainful employment, with the railroad or otherwise. The reason Plaintiff has sustained a loss of wages is that he failed to make efforts to return to work with D&H by simply purchasing a digital hearing aid. If he had done this, he would have been returned to work. A plaintiff has a duty to mitigate his damages by using reasonable efforts to return to gainful employment and reduce the loss. Jones v. Consolidated Rail Corp., 800 F.2d 590, 593, (6th Cir. 1986); Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1289 (3d Cir. 1995).

                              Respectfully submitted,

                              DICKIE, McCAMEY & CHILCOTE, P.C.

Date:  December 12, 2013        By: /s/ Scott D. Clements
                              J. Lawson Johnston, Esquire
                              PA I.D. #19792

                              Scott D. Clements, Esquire
                              Pa I.D. #78529

                              Two PPG Place, Suite 400
                              Pittsburgh, PA  15222-5402
                              (412) 281-7272

                              Counsel for Defendant,
                              Delaware and Hudson Railway
                              Company, Inc. d/b/a Canadian Pacific
                              Railway

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2013, I electronically field the foregoing **Defendant's Trial Brief** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

G. Sander Davis, Esquire
Davis Law Firm, P.C.
Two Bala Plaza, Suite 300
P.O. Box 398
Bala Cynwyd, PA  19004-6398

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ Scott D. Clements
J. Lawson Johnston, Esquire
PA I.D. #19792

Scott D. Clements, Esquire
Pa I.D. #78529

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
(412) 281-7272

Counsel for Defendant,
Delaware and Hudson Railway
Company, Inc. d/b/a Canadian Pacific
Railway